

F I L E D

SEP -9 2011

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**MUWAKKIL S.B. SHABAZZ,** *et al.,*

      Plaintiffs,

v.                                                                    Civil Action No. **3:10CV638**

**VIRGINIA DEPARTMENT OF CORRECTIONS,** *et al.,*

      Defendants.

## MEMORANDUM OPINION

Plaintiffs, six Virginia inmates who are members of the Nation of Islam proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983. Plaintiffs' complaint arises out of allegations that Defendants[1] are violating the First Amendment[2] and the Religious Land Use and Institutionalized Persons Act[3] ("RLUIPA") by denying Plaintiffs access to various religious items and rights at Greensville Correctional Center ("GCC"). Defendants filed a motion for summary judgment (Docket No. 59), provided Plaintiffs with appropriate *Roseboro*[4] notice (Docket No. 61), and contended that the action should be dismissed because, *inter alia*, Plaintiffs failed to exhaust their administrative remedies. Plaintiffs responded. (Docket Nos. 72, 73, 75.) The matter is ripe for disposition.

---

    [1] Plaintiffs are suing more than thirty individuals and entities.

    [2] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

    [3] 42 U.S.C. § 2000cc-1(a)(1)–(2).

    [4] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. PROCEDURAL HISTORY

On March 3, 2011, Plaintiffs filed an Amended Complaint against Defendants.[5]

Plaintiffs' allegations against Defendants are as follows:[6]

| | |
|---|---|
| Claim One | Defendants are denying Plaintiffs' right to purchase recordings of Nation of Islam sermons. |
| Claim Two | Defendants are denying Plaintiffs' right to access their religious newspaper *The Final Call*. |
| Claim Three | Defendants are denying Plaintiffs a diet consistent with their Islamic dietary tenets as outlined in the book *How To Eat To Live* by Elijah Muhammad. |
| Claim Four | Defendants are denying Plaintiffs sufficient time for religious meetings. |
| Claim Five | Defendants are denying Plaintiffs the right to wear white shirts with bow ties. |
| Claim Six | Defendants are denying Plaintiffs access to Nation of Islam sermons via cable television. |
| Claim Seven | The Faith Review Committee is deliberately delaying review of DVDs of Nation of Islam sermons. |
| Claim Eight | Defendants are requiring Plaintiffs to participate in Ramadan with the Moorish Science Temple Followers. |

---

[5] Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), an inmate's submission is deemed filed on the date it is handed to prison staff for mailing.

[6] After careful review of Plaintiffs' Amended Complaint, the Court will employ the outline of claims provided by Defendants in their motion for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted).

When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Nevertheless,"'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3). Exhaustion of administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus, it is the Defendants' burden to identify specific evidence and "articulate the precise manner

3

in which that evidence" supports a finding that Plaintiffs failed to exhaust their administrative

remedies. *Forsyth*, 19 F.3d at 1537 (internal quotation marks omitted).

Defendants have submitted an affidavit of Grievance Coordinator Tapp who swears that

Plaintiffs have not exhausted their administrative remedies.[7] Plaintiffs Shabazz, Khalid

Muhammad, Barnes, Al-Azim, and Geronimo Muhammad submitted declarations in support of

their responses to the motion for summary judgment. The sixth Plaintiff, Khalil Muhammad,

will be dismissed for failure to prosecute the action. Accordingly, for purposes of the remainder

of this Memorandum Opinion, the Court does not refer to Khalil Muhammad as one of the

Plaintiffs.

### III. ANALYSIS

**A.    Administrative Exhaustion**

The exhaustion requirement demands that "[n]o action shall be brought with respect to

prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

any jail, prison, or other correctional facility until such administrative remedies as are available

are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (requiring

complete exhaustion of correctional facility administrative remedies). Generally, in order to

satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue

the grievance through all available levels of appeal. *See Woodford*, 548 U.S. at 90. Additionally,

the Supreme Court has instructed that 42 U.S.C. § 1997e(a) "requires proper exhaustion." *Id.* at

93. The Court explained that "[p]roper exhaustion demands compliance with an agency's

---

[7] As further explained below, Defendants concede that one Plaintiff, Muwakkil Shabazz, has exhausted his administrative remedies regarding Claim One only.

deadlines and other critical procedural rules," *id.* at 90, "'so that the agency addresses the issues on the merits,'" *id.* (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, the applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Plaintiffs were required to exhaust the claims raised in their Amended Complaint in accordance with the Virginia Department of Corrections ("VDOC") grievance procedures. In particular, they must have complied with VDOC Department Operating Procedure 866.1.

VDOC Operating Procedure 866.1 provides "a mechanism for offenders to resolve complaints, appeal administrative decisions, and challenge the substance of procedures." (Br. Supp. Mot. Summ. J. (Docket No. 60) Ex. 1 ("Tapp Aff.") ¶ 4.) In order to comply with the grievance procedures, "[p]rior to submitting a regular grievance, the offender must demonstrate that he has made a good faith effort to informally resolve his complaint." (Tapp Aff. ¶ 7.) A prisoner may accomplish this "by submitting an informal complaint form to the Grievance Department . . . who will then forward it to the appropriate Department Head." (Tapp Aff. ¶ 7.) Because an inmate has only thirty (30) days in which to file a regular grievance, "[p]rison staff should respond to an offender's informal complaint within 15 calendar days." (Tapp Aff. ¶ 7.) Subsequent to filing a regular grievance, three levels of review exist. The first level of review may be conducted by the warden or superintendent. The second level consists of an appeal to the regional director or other supervisor. Some issues may be reviewed at a third level by a VDOC director.

**B.      Shabazz's Exhaustion Attempts**

Defendants concede that one of the Plaintiffs—Muwakkil Shabazz—has exhausted his administrative remedies regarding Claim One only.  In his response to Defendants' motion for summary judgment, Shabazz provides copies of numerous documents which appear to suggest that he has exhausted his administrative remedies for other claims as well.  For example, it appears that Shabazz may have exhausted Claim Four (Docket No. 73, at 411)[8] and Claim Six (Docket No. 73, at 431).  In light of Shabazz's response, the Court will ORDER Defendants to file their position regarding the sufficiency of the exhaustion of Shabazz's administrative remedies for *all* of the claims.

The Court notes, however, that not all of Shabazz's submissions appear relevant.  For example, in their Amended Complaint, Plaintiffs contend that GCC has a blanket ban on *The Final Call* newspaper.  Plaintiffs also specifically discuss the ban of volume 28 #27.  According to Shabazz's submissions, however, it appears that he has only exhausted his administrative remedies regarding volume 28 #30 (Docket No. 73, at 364).  His exhaustion regarding one issue cannot give rise to his claim of denial for all newspapers.  Shabazz's grievance concerning the denial of one issue of a newspaper does not give Defendants a fair opportunity to address a blanket ban of all issues.  *See, e.g., Moore v. Bennette*, 517 F.3d 717, 729 (4th Cir. 2008) (concluding that grievances pertaining to medical care for inmate's pancreatic condition and Hepatitis C did not exhaust claims pertaining to inadequate medical care for gout); *Brown v. Ray*, 695 F. Supp. 2d 292, 297 (W.D. Va. 2010) (holding that a prisoner claiming denial of access to

---

[8] Because Plaintiffs do not adequately number their submissions, the Court employs the sequential numbering system used by CM/ECF, identified by "PageID#" on each page.

6

*The Final Call* must have exhausted administrative remedies for each issue denied to the
plaintiff). The "blanket ban" claim is a separate claim which must be separately exhausted.
Furthermore, Shabazz's submissions that indicate he has exhausted his administrative remedies
regarding two incidents of the Nation of Islam program being cancelled (Docket No. 73, at 391,
412) do not appear relevant to the allegations raised in the Amended Complaint.

### C.   Remaining Plaintiffs' Exhaustion Attempts

#### 1.   Administrative Record of Procedural Posture as to Each Remaining Plaintiff

Plaintiffs contend they have collectively satisfied the exhaustion requirement. They also
attempt to demonstrate they sufficiently exhausted their remedies individually. According to
Grievance Coordinator Tapp, however, none of the Plaintiffs except Shabazz exhausted their
administrative remedies for any of the claims. The Court summarizes the record regarding the
responses filed by the Plaintiffs except for Shabazz (collectively the "Remaining Plaintiffs"):

##### a.   Khalid Muhammad

Muhammad asserts that he has exhausted all of his administrative remedies regarding
Claims Three and Four. (Docket No. 72 Attachs.) His submissions, however, do not go beyond
the "regular grievance" level. Muhammad also contends that because Shabazz and a non-party
prisoner, Jonathan Lee X, have exhausted their administrative remedies, Muhammad will rely on
their exhaustion.

##### b.   Charles X Barnes

Barnes contends that he has exhausted his administrative remedies. The documents he
submits, however, do not show that he has appealed any of his grievances beyond the "regular

grievance" level. (Docket No. 78 Attachs.) Furthermore, several of the documents he submits as evidence of his attempts at exhausting his administrative remedies were submitted well after this action was instituted. Finally, Barnes attempts to rely on other inmates' exhaustion of administrative remedies as a substitute for his own exhaustion.

### c.    Raheem Al-Azim

Al-Azim contends that he has exhausted his administrative remedies. The documents he submits, however, do not demonstrate that he has appealed any of his grievances beyond the "informal complaint" level. (Docket No. 79 Attachs.) Furthermore, several of the documents he submits as evidence of his attempts at exhausting his administrative remedies were submitted well after this action was instituted. Finally, Al-Azim attempts to rely on others' exhaustion of administrative remedies as a substitute for his own exhaustion.

### d.    Geronimo Muhammad

Muhammad contends that he has exhausted his administrative remedies for some of the claims. The documents he submits, however, do not demonstrate that he has appealed any of his grievances beyond the "regular grievance" level. (Docket No. 80 Attachs.) Furthermore, several of the documents he submits as evidence of his attempts at exhausting his administrative remedies were submitted well after this action was instituted. Finally, Muhammad attempts to rely on others' exhaustion of administrative remedies as a substitute for his own exhaustion.

### 2.    Statutory Argument Regarding Collective Exhaustion

Remaining Plaintiffs and Shabazz join together in the argument that no exhaustion is required at all. This argument is premised on the idea that the exhaustion statute, which states that "[n]o action shall be brought . . . by *a* prisoner . . . until such administrative remedies as are

available are exhausted," speaks in terms of a *singular* prisoner. (Docket No. 75, at 513 (*quoting* 42 U.S.C. § 1997e(a) (emphasis added).) According to Plaintiffs, this statute must not apply, then, when an action is brought by *multiple* plaintiffs.

### 3.   Analysis of Arguments

The Remaining Plaintiffs' arguments lack merit for four reasons. First, plaintiffs who are not members of a certified class may not rely on vicarious exhaustion. *McGoldrick v. Werholtz*, 185 F. App'x 741, 743–44 (10th Cir. 2006); *Heng v. Donald*, No. 7:08-CV-5 (HL), 2011 WL 925726, at *5 (M.D. Ga. Jan. 25, 2011). The Plaintiffs who argue that they are entitled to piggyback on the exhaustion of Shabazz or Jonathan Lee X, therefore, are not entitled to do so.[9]

Second, Plaintiffs' administrative remedies must be completely exhausted before initiating an action. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 523 (2002); *Muhammad v. Martens*, 23 F. App'x 207, 209 (6th Cir. 2001); *Jackson v. Dist. of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001). Their attempts at exhaustion after filing suit do not satisfy the exhaustion requirement. Plaintiffs' filing of an Amended Complaint does not change the date by which Plaintiffs must exhaust their administrative remedies. *Jackson*, 254 F.3d at 269.

Third, Plaintiffs must have proceeded past the "regular grievance" or "informal complaint" stage of the administrative grievance procedure. Plaintiffs' failure to seek review or appeal of those decisions means they did not exhaust their available remedies. *Boyd v. United States*, 396 F. App'x 793, 796 (3d Cir. 2010); *McCoy v. Stokes*, No. 3:10CV868, 2011 WL

---

[9] A prisoner named Jonathan Lee X filed a declaration purporting that he had exhausted all of the administrative remedies for the claims which Plaintiffs raise. (Docket No. 81.) Jonathan Lee X is not a party to this action. If he wishes to raise these claims himself, he may do so by filing a complaint in this Court.

9

2580638, at *3 (E.D. Va. June 29, 2011) (requiring prisoners to appeal decisions, as provided by the grievance procedure, in order to properly exhaust claims); (Tapp Aff. ¶ 7.)

Finally, regarding Plaintiffs' assertion that they are not required to exhaust their administrative remedies because 42 U.S.C. § 1997e(a) does not apply to actions filed by multiple plaintiffs, that contention is incorrect.  Plaintiffs must, individually, exhaust their administrative remedies for each claim raised. *Hubbard v. Danberg*, 408 F. App'x 553, 555–56 (3d Cir. 2010).

### 4.    Conclusion

Accordingly, the Remaining Plaintiffs' responses to the motion for summary judgment lack merit.  The Remaining Plaintiffs will be DISMISSED as parties to this lawsuit for failure to exhaust their administrative remedies.

## IV.  OTHER MOTIONS

Shabazz filed a motion for summary judgment. (Docket No. 62.)  The motion is premised on the notion that Defendants did not timely file their response to the Amended Complaint.  To the contrary, Defendants filed their response on the Monday following the deadline to file, which fell on a Saturday.  Accordingly, Defendants' response was timely. Fed. R. Civ. P. 6(a)(1)(C).  Shabazz's motion for summary judgment (Docket No. 62) will be DENIED.

Shabazz filed a motion to appoint counsel.  (Docket No. 82.)  The motion contends that it is difficult for the multiple Plaintiffs to communicate with one another.  Because the other Plaintiffs will be dismissed, Shabazz's reasoning is moot.  Furthermore, counsel need not be appointed in § 1983 cases unless the case presents complex issues or exceptional circumstances. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984); *Cook v. Bounds*, 518 F.2d 779, 780

10

(4th Cir. 1975). At this stage, this action presents no complex issues or exceptional circumstances. Additionally, Shabazz's pleadings demonstrate that he is competent to represent himself in the action. Shabazz's motion to appoint counsel (Docket No. 82) will be DENIED WITHOUT PREJUDICE.

Charles X Barnes filed a motion for leave to file an amended complaint. (Docket No. 74.) Because the Court will dismiss Barnes as a party to this action, his motion will be DENIED. Barnes is free to file his own lawsuit by filing the complaint with the Court.

Plaintiffs filed motions to strike the affidavits of Grievance Coordinator Tapp and Special Program Manager Cei. (Docket Nos. 76, 77.) Regarding Tapp, Plaintiffs primarily contend that Tapp did not attach all of the records she reviewed in search of grievances filed by Plaintiffs. Tapp is not required to do so because she does not rely on those records. Regarding Plaintiff's contention that Tapp includes legal conclusions in her affidavit, the Court notes that it has not considered any legal conclusions contained in Tapp's affidavit. Finally, the Court concludes that the information contained in Tapp's affidavit is based on her personal knowledge and she has laid a foundation for that knowledge. Accordingly, Plaintiffs' motion to strike Tapp's affidavit (Docket No. 76) will be DENIED. Regarding Cei's affidavit, the Court notes that it has not considered Cei's affidavit for purposes of this motion for summary judgment.[10] Accordingly, Plaintiffs' motion to strike (Docket No. 77) will be DENIED AS MOOT.

---

[10] The Court, therefore, will take no further action on Cei's affidavit. Defendants may re-file Cei's affidavit at a later juncture if it remains relevant. If Shabazz files another motion to strike, the Court expects Defendants to respond to the merits of such motion.

## V. KHALIL MUHAMMAD

By Memorandum Order entered on October 14, 2010, the Court conditionally docketed this action. In that Memorandum Order, the Court directed the Plaintiffs to advise the Court immediately of their new addresses in the event that any one of them was released, transferred to a new facility, or otherwise relocated. The Court warned Plaintiffs that failure to do so would result in dismissal of the action.

On July 21, 2011 the Court sent Khalil Muhammad a Memorandum Order. The United States Postal Service returned the Memorandum Order to the Court on July 29, 2011. The envelope was marked, "RETURN TO SENDER," "REFUSED," and "UNABLE TO FORWARD." (Docket No. 84.) Khalil Muhammad's failure to keep the Court apprised of his current address indicates a lack of interest in prosecuting the present action. *See* Fed. R. Civ. P. 41(b). Accordingly, Khalil Muhammad will be DISMISSED as a party to this action and his claims will be DISMISSED WITHOUT PREJUDICE

## VI. CONCLUSION

Because the Remaining Plaintiffs have not exhausted their administrative remedies regarding any claim raised, the Remaining Plaintiffs will be DISMISSED as parties to this lawsuit. Khalil Muhammad will be DISMISSED as a party to this lawsuit for failure to continue prosecuting this action.

In light of Shabazz's response to the motion for summary judgment, the Court will ORDER Defendants to file their position regarding the sufficiency of the exhaustion of Shabazz's administrative remedies for *all* of the claims. Defendants' motion for summary judgment (Docket No. 59) will therefore be GRANTED IN PART and DENIED IN PART.

Shabazz's motion for summary judgment (Docket No. 62) will be DENIED.  Shabazz's

motion to appoint counsel (Docket No. 82) will be DENIED.  Barnes's motion for leave to file an

amended complaint (Docket No. 74) will be DENIED.  Plaintiffs motions to strike the affidavits

of Grievance Coordinator Tapp and Special Program Manager Cei (Docket Nos. 76, 77) will be

DENIED.

An appropriate Order will accompany this Memorandum Opinion.


Date: 7 - 8 - 11
Richmond, Virginia

                                    /s/
                          James R. Spencer
                          Chief United States District Judge